## ESTATE OF JOEL NOAH, DECEASED.

[No. 2,769; decided November 27, 1885.]

Homestead—Examination of Title in Setting Apart.—The superior court, sitting in probate, has power to examine into the title to real estate, so far as to enable it to determine whether property sought to be set aside as a homestead is community or separate property.

Husband and Wife—Validity of Separation Agreement.—Deeds for the separation of husband and wife are valid and effectual, both at law and in equity, providing their object be actual and immediate, and not a contingent or future, separation.

Husband and Wife—Effect of Articles of Separation.—Articles of separation having been carried into effect in good faith by the husband, and they having been freely entered into, and there being nothing objectionable in them, the wife has no right, upon the husband's death, to claim in character of his widow, it being against equity and good conscience to set up such a claim.

Homestead—When Waived by Articles of Separation.—An agreement amounting to a waiver, upon valuable consideration, of every right a wife could have in her deceased husband's estate, is conclusive against all her pretensions, and estops her from claiming a probate homestead as well as any other property right.

Family Allowance—Test of Widow's Right.—The right of an applicant for a family allowance may be tested by reference to her relations with the deceased and her right as wife to call on him for maintenance during his lifetime.

Family Allowance—Relinquishment by Widow.—When there are no children, the right of a widow to a homestead or family allowance may be treated as a personal privilege, which she can relinquish.

Family Allowance—Right to, Purely Statutory.—The right to a family allowance is founded upon the statute alone.

Family Allowance—Who are Members of Family.—The statute embraces those who were the immediate family of the deceased—

those who were by law entitled, up to his death, to look to him for support and protection.

**Family Allowance—Waiver by Separation Agreement.**—A wife having by her own act in entering into and carrying out an agreement for separation abdicated her right as a surviving spouse is in no sense a member of her deceased husband's family, and is not in a position to invoke the bounty of the law.

**Homestead—Purpose and Construction of Statute.**—The object of the law creating a homestead is of a humane character, and should be held to apply fairly to all such cases as are within the equity and spirit of the act, but not beyond this.

**Homestead—Statutory Requisites.**—Intended use, adaptation for use, and actual residence, are essentials of a statutory homestead.

**Homestead—What Property may be Set Apart.**—A probate homestead cannot be set apart out of property that could not have been dedicated as a homestead by the parties while living.

**Homestead—Indivisible Property—Separate Estate.**—Where the property out of which it was asked to select a homestead was a building entirely devoted to business purposes, not susceptible of partition, of the appraised value of $25,000, and the separate property of the deceased husband, it was held that the property not being capable of division would have to be sold, and $5,000 of the proceeds set apart for the use of the widow; that the property, being separate estate, could be set apart only for a limited period, the title vesting in the heirs, subject to the order; that it does not appear what security the heirs would have for the return of the amount upon the expiration of the period limited, and that for these reasons the application should be denied.

The estate of Noah was in the supreme court in 73 Cal. 590, 2 Am. St. Rep. 834, 15 Pac. 290, and in 88 Cal. 468, 26 Pac. 361. All of the above propositions announced by Judge Coffey were affirmed by the supreme court.